**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| PEDRO ALVAREZ ROJAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:26-cv-400-JDK |
| | § | |
| MARKWAYNE MULLIN, | § | |
| SECRETARY, U.S. Department of | § | |
| Homeland Security, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER REGARDING SUBJECT MATTER JURISDICTION

In this lawsuit, Plaintiff seeks to compel Defendants to adjudicate his I-485 application.  Docket No. 1.  Shortly after filing suit, Plaintiff filed the motion now before the Court:  a motion seeking "emergency preliminary relief enjoining Defendants from arresting or detaining him while his application for adjustment of status remains pending before U.S. Citizenship and Immigration Services ('USCIS')."  Docket No. 2.

Before reaching the merits of the pending motion, however, the Court "must first assure [itself] of [its] own federal subject matter jurisdiction." *E.g., La. Real Est. Appraisers Bd. v. FTC*, 917 F.3d 389, 391 (5th Cir. 2019).  And here, 8 U.S.C. § 1252 appears to strip the Court of jurisdiction in this case.  *See Cheejati v. Blinken*, 106 F.4th 388 (5th Cir. 2024), *cert. denied,* 145 S. Ct. 1126, 220 L. Ed. 2d 422 (2025) (holding that Section 1252 precludes federal courts from hearing challenges to the processing of Forms I-485).

Accordingly, the Court **ORDERS** Plaintiff to file a brief of no more than five pages setting forth the basis of the Court's subject matter jurisdiction in this case. Plaintiff shall file the brief by **May 25, 2026**.  Defendants may file a response of no more than 5 pages by **June 8, 2026**.

So **ORDERED** and **SIGNED** this **11th** day of  **May, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

2