**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| PEDRO ALVAREZ ROJAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 4:26-cv-400-JDK |
| § | |
| MARKWAYNE MULLIN, § | |
| SECRETARY, U.S. Department of § | |
| Homeland Security, *et al.*, § | |
| § | |
| Defendants. § | |

**ORDER DISMISSING CASE**

On April 17, 2026, Plaintiff filed a complaint seeking to compel Defendants to adjudicate his I-485 application. Docket No. 1. Shortly thereafter, Plaintiff filed a motion for preliminary relief seeking to enjoin Defendants from "arresting or detaining him while his application for adjustment of status remains pending before U.S. Citizenship and Immigration Services (USCIS)." Docket No. 2. Citing *Cheejati v. Blinken*, 106 F.4th 388 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1126, 220 L. Ed. 2d 422 (2025), the Court ordered Plaintiff to file a supplemental brief stating the basis for the Court's subject matter jurisdiction in this case. Docket No. 3. Plaintiff filed a supplemental brief on May 25, 2026. Docket No. 4. Defendants have not filed a response.

Upon review of Plaintiff's brief and the relevant authorities, the Court concludes that 8 U.S.C. § 1252 strips the Court of jurisdiction in this case. *See Cheejati*, 106 F.4th at 394 ("§ 1252(a)(2)(B)(ii) strips federal courts of jurisdiction to

1

review *any discretionary* decision or action rendered by the Attorney General.") (emphasis in original).

Accordingly, Plaintiff's motion for preliminary relief (Docket No. 2) is **DENIED** and this case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

So **ORDERED** and **SIGNED** this **19th** day of **July, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

2